

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL ANGELO LOISEAU,

    Petitioner,

v.                                      Criminal Action No. 3:15CV417

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION**

On March 6, 1998, the Court entered judgment against Michael Angelo Loiseau. <u>United States v. Loiseau</u>, 3:97CR344 (E.D. Va.) (ECF No. 34). The Court sentenced Loiseau to 292 months of imprisonment and a five-year term of supervised relief. By Order entered on July 14, 2010, the Court revoked Loiseau's term of supervised release and imposed a forty-six month term of imprisonment to be served consecutive to the state sentence imposed upon Loiseau by the Circuit Court for the County of Spotsylvania. <u>United States v. Loiseau</u>, 3:97CR344 (E.D. Va.) (ECF No. 66).

On July 9, 2015, the Court received from Loiseau a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") challenging the revocation of his supervised release and imposition of a forty-six month sentence. (§ 2241 Pet. 7.) By Memorandum Order entered on September 18, 2015, the Court directed Loiseau to show cause why the present action should not be dismissed without prejudice to Loiseau's pursuit of a 28

U.S.C. § 2255 motion to challenge the revocation of his suspended sentence. Loiseau responded. For the reasons set forth below, the action is dismissed without prejudice to Loiseau's pursuit of a 28 U.S.C. § 2255 motion.

### I. Motions Under 28 U.S.C. § 2255 Compared To Petitions Under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[1] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the

---

[1] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

2

remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).[2]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in

---

[2] Loiseau cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).

3

which <u>an individual is incarcerated for conduct that is not criminal</u> but, through no fault of his [or her] own, [he or she] has no source of redress." <u>Id.</u> at 333 n.3 (emphasis added).

## II. Analysis Of Loiseau's 28 U.S.C. § 2241 Petition

In support of his contention that § 2241 provides the appropriate means for challenging the revocation of his supervised release, Loiseau directs the Court to the Advisory Committee Notes to Rule 1, Rules Governing Section 2255 Proceedings. Those notes provide in pertinent part: "The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations." However, the United States Court of Appeals for the Fourth Circuit concluded with respect to this Advisory Note that a "we are unpersuaded that the § 2255 remedy is inappropriate for probation revocations." <u>Milnes v. Samples</u>, No. 88-7584, 1988 WL 105445, at *2 (4th Cir. Sept. 22, 1988). Moreover, this Court's decision to revoke Loiseau's supervised release and to impose a new 46-month prison term, was reviewable by means of a § 2255 motion. <u>See</u> <u>Palacio v. Stansberry</u>, 227 F. App'x 207, 207 (4th Cir. 2007); <u>United States v. Schoeneweis</u>, 190 F. App'x. 479, 481 (7th Cir. 2006) (concluding that claim of ineffective assistance of counsel during revocation proceedings

4

could be raised in a § 2255 post-conviction petition). Because Loiseau fails to demonstrate that § 2255 is inadequate or ineffective to challenge the revocation of his term of supervised release and imposition of a new 46-month term of imprisonment, the § 2241 Petition will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Loiseau.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 15, 2016